

1055 Thomas Jefferson St, NW, Suite 540
Washington, DC 20007
Tel: 202.463.2101
Fax: 202.463.2103

**Michael L. Murphy**
mmurphy@baileyglasser.com

January 16, 2023

By ECF
The Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Israel James v. National Football League - REVISED*
           Case No. 1:22-cv-10743

Dear Judge Abrams:

     This letter is in response to your order dated January 3, 2023. As an initial matter, the parties respectfully request that the Court adjourn the January 20, 2023 initial status conference, as the parties are discussing consolidation of this case, *James v. National Football League*, Case No. 1:22-cv-10743, with another case pending in this District, *Alex v. NFL Enterprises LLC et al.*, Case No. 1:22-cv-09239-ALC. Moreover, because Plaintiff has indicated that he will be filing an amended complaint, the parties further request that the case management plan and scheduling order due dates be entered and continued until after the consolidation and amendment issues are addressed on the dates set forth below.

Further, the parties provide the following information about the matter:

1. **A brief description of the nature of the action and the principal defenses thereto;**

    **Plaintiff**: This is a putative class action asserting a single claim under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff's complaint (the "Complaint") alleges that the National Football League ("NFL") violated the VPPA by disclosing to Facebook the video viewing activity and Facebook User ID of alleged "digital subscribers" without proper consent.

    **Defendant**: The NFL denies the allegations in Plaintiff's complaint, including denying any liability to Plaintiff under the VPPA. The NFL also has been unable to find any records to support Plaintiff's contention that he registered to receive an NFL newsletter in 2015 (on which he bases his allegation that he is a purported "digital subscriber," much less that he was a "consumer" as defined by the VPPA. Once Plaintiff files an amended complaint, the NFL intends to assert all applicable defenses, and to vigorously defend itself against Plaintiff's allegations.

2. **A brief explanation of why jurisdiction and venue lie in this Court.  If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;**

Plaintiff alleges that this Court has subject matter jurisdiction over his VPPA claim pursuant to 28 U.S.C. § 1331 and the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff further alleges that venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the NFL does business in this District, and because a substantial part of the events or omissions giving rise to the claim originated in this District.

The NFL agrees that venue is proper because it does business in this District, and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The NFL is an unincorporated association of thirty-two (32) member clubs, with its principal place of business in New York City.

3. **A brief description of all contemplated and/or outstanding motions;**

The Plaintiff anticipates filing a motion seeking leave to amend the complaint. The NFL does not oppose such a motion. Plaintiff anticipates filing this motion by **January 20, 2023**.

Additionally, and as stated above the parties have discussed the potential for a motion to consolidate this matter with another VPPA case filed against the NFL (*Alex et al. v. National Football League*, 1:22-cv-09239-ALC). If a motion to consolidate is filed, the parties suggest a deadline of **January 31, 2023**.

The parties further agree that the NFL's deadline to respond to any amended complaint would be 30 days after a decision on any motion to consolidate is filed, or **March 2, 2023**, whichever is later.

4. **A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;**

No discovery has taken place at this time. Given the consolidation and amendment issues, the parties are not yet able to assess settlement.

5. **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;**

Given the early stage of this litigation and the open issues, the parties have not discussed settlement.

6. **The estimated length of trial;**

The parties are unable to gauge the length of trial at this time, as it may be dependent upon the amended complaint and the consolidation of the claims of multiple plaintiffs.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

   None at this time.

                                              Respectfully submitted,

                                              Michael L. Murphy, Esq.

MLM/les

                                              Application granted.  The telephonic initial pretrial conference is hereby adjourned.

                                              SO ORDERED.

                                              Hon. Ronnie Abrams
                                              United States District Judge
                                              1/17/2023