**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

BRANDON HUGHES,
*Individually and on behalf of all others similarly situated,*

*Plaintiff,*

v.

NATIONAL FOOTBALL LEAGUE,

*Defendant.*

**Case No: 22-CV-10743**

**JURY TRIAL REQUESTED**

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Brandon Hughes respectfully submits this Reply in Support of his motion for leave to amend his Complaint.

Defendant's histrionic declarations of the development and state of VPPA-Pixel caselaw are self-contradictory, and, simply, incorrect.

In opposing Plaintiff's motion to amend, Defendant clearly notes that there were a "number of significant decisions in VPPA cases since briefing was completed" which lead to "the parties [filing] letters addressing supplemental relevant authorities." (Doc 76, p. 2.). Defendant then proclaims that the decision in *Salazar v. National Basketball Association*, No. 22-cv-7935, 2023 WL 5016968 (S.D.N.Y. Aug. 7, 2023), "did not make new law and is not an outlier." (Doc. 76, p. 3).

Of the roughly two dozen cases that have been decided, the cases stand in equipoise with the following cases where Plaintiffs defeated Defendants' motion to dismiss:

- *Sellers v. Bleacher Report, Inc.*, 23-CV-00368-SI, 2023 WL 4850180 (N.D. Cal. July 28, 2023);

- *Jackson v. Fandom, Inc.*, No. 22-cv-44423, 2023 WL 4670285 (N.D. Cal. July 20, 2023);
- *Stoudemire v. Lee Enters., Inc.*, No. 3:22-cv-86 (S.D. Iowa), ECF No. 33 (July 20, 2023);
- *Adams v. Am.'s Test Kitchen, LP*, No. 22-cv-11309, 2023 WL 4304675 (D. Mass. June 30, 2023);
- *Harris v. Public Broadcasting Serv.*, No. 1:22-cv-2456, 2023 WL 2583118 (N.D. Ga. Mar. 20, 2023);
- *Goldstein v. Fandango Media, LLC*, No. 22-cv-80569, 2023 WL 3025111 (S.D. Fla. Mar. 7, 2023);
- *Feldman v. Star Trib. Media Co.*, No. 22-cv-1731, 2023 WL 2388381 (D. Minn. Mar. 7, 2023);
- *Belozerov v. Gannett Co.*, No. 22-cv10838, 2022 WL 17832185 (D. Mass. Dec. 20, 2022);
- *Czarnionka v. Epoch Times Ass'n, Inc.*, 22-cv-6348 (AKH), 2022 WL 17069810 (S.D.N.Y. Nov. 17, 2022);
- *Lebakken v. WebMD, LLC*, No. 1:22-cv-644, 2022 16716151 (N.D. Ga. Nov. 4, 2022); and
- *Ambrose v. Boston Globe Media Partners LLC*, No. 21-cv-10810, 2022 WL 4329373 (D. Mass. Sept. 19. 2022).[1]

And with the court granting Defendants' motions to dismiss in the following matters:

- *Golden v. NBCUniversal Media LLC*, No. 22-cv-9858, 2023 WL 5434378 (S.D.N.Y. Aug. 23, 2023);
- *Salazar v. Nat'l Basketball Ass'n*, No. 1:22-CV-07935 (JLR), 2023 WL 5016968 (S.D.N.Y. Aug. 7, 2023);

---

[1] *See also Louth v. NFL Enters. LLC*, No. 1:22-cv-405, 2022 WL 4130866 (D.R.I. Sept. 12, 2022) (relating to Google Pixel); *May v. Philo, Inc.*, No. 23-cv-01394-MMC, 2023 WL 4410505 (N.D. Cal. July 7, 2023) (The Court hereby DEFERS ruling on Philo's motion to dismiss, and plaintiffs are hereby afforded leave to conduct discovery as to (a) whether Philo has removed the Facebook Pixel from all webpages that play video, and, if so, the date on which it made that change, and (b) the dates on which May played a video on the Philo website.")

- *Salazar v. Paramount Global d/b/a 247Sports*, 3:22-CV-00756, 2023 WL 4611819 (M.D. Tenn. July 18, 2023);
- *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL, 2023 WL 4440662 (S.D. Cal. July 10, 2023);
- *Gardener v. MeTV*, No. 22-cv-5963, 2023 WL 4365901 (N.D. Ill. July 6, 2023);
- *Carroll v. General Mills, Inc.*, No. 23-cv-1746 DSF (MRWx), 2023 WL 4361093 (C.D. Cal. June 26, 2023);
- *Hunthausen v. Spine Media, LLC*, No. 3:22-cv-1970-JES-DDL, 2023 WL 4307163 (S.D. Cal. June 21, 2023);
- *Carroll v. J.M. Smucker Co.*, No. 22-cv-08952 WHA, 2023 WL 4053796 (N.D. Cal. June 15, 2023);
- Jefferson v. Healthline Media, Inc., 3:22-cv-05059-JD, 2023 WL 3668522 (N.D. Cal. May 24, 2023);
- *Carter v. Scripps Networks, LLC*, 22-cv-2031 (PKC), 2023 WL 3061858 (S.D.N.Y. Apr. 24, 2023);
- *Stark v. Patreon, Inc.*, 22-cv-03131-JCS, 2023 WL 2090979 (N.D. Cal. Feb. 17, 2023); and
- *Martin v. Meredith Corp.*, No. 22-cv-4776 (DLC), 2023 WL 2118074 (S.D.N.Y. Feb. 17, 2023)

Of this latter group, where the court granted the motion to dismiss, the majority of the orders were without prejudice and expressly inviting the Plaintiff to amend his or her allegations.[2]

In light of the equal split in the caselaw, and having no guidance from this Court about how it would potentially view Pixel claims prior to issuance of the decision in *National*

---

[2] *See NBCUniversal Media LLC*, No. 22-cv-9858, 2023 WL 5434378 (S.D.N.Y. Aug. 23, 2023); *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL, 2023 WL 4440662 (S.D. Cal. July 10, 2023); *Gardener v. MeTV*, No. 22-cv-5963, 2023 WL 4365901 (N.D. Ill. July 6, 2023); *Carroll v. General Mills, Inc.*, No. 23-cv-1746 DSF (MRWx), 2023 WL 4361093 (June 26, 2023); *Carroll v. J.M. Smucker Co.*, No. 22-cv-08952 WHA, 2023 WL 4053796 (N.D. Cal. June 15, 2023); *Jefferson v. Healthline Media, Inc.*, 3:22-cv-05059-JD, 2023 WL 3668522 (N.D. Cal. May 24, 2023); *Stark v. Patreon, Inc.*, 22-cv-03131-JCS, 2023 WL 2090979 (N.D. Cal. Feb. 17, 2023).

*Basketball Association*, Plaintiff relied on its pleading and specifically sought the Court's permission to amend his allegations if the Court were to grant Defendant's motion based on this Circuit's liberal policy toward granting such leave.[3] Notably, Defendant argues that because the decision in *Carter* was issued "less than a month after briefing on NFL's Motion to Dismiss concluded," Plaintiff's motion for leave is untimely. This argument should be rejected for two reasons. First, there were half a dozen cases that had denied motions to dismiss at that time, making *Carter* a minority case. Second, as a matter of function, it would be unworkable to have amended pleadings every time one district court issued a decision that disagreed with other decisions.

Responding to this Court's decision in *National Basketball Association*, Plaintiff submitted his motion to amend his complaint within four days of this Court's issuance of that decision. Based on the totality of the record in this matter, Plaintiff's attempt to now amend his Complaint cannot be fairly characterized as the product of "inexplicable delay." ECF No. 76, at 5. Moreover, it's difficult to imagine any circumstance in which Defendant would have treated a proposed amendment as timely.

Furthermore, Plaintiff's amendment is not futile. Despite Defendant's blatant misreading of the proposed Amended Complaint, the amended allegations are sufficient to state a claim under the VPPA. While Defendant apparently takes issue with the specificity of the proposed amendment, Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement of the claim.

---

[3] The Court's decision in NBA has been appealed. *See Salazar v. Nat'l Basketball Ass'n*, No. 23-1147 (2d Cir.).

Additionally, Defendant attempts to draw a semantic distinction between NFL.com and NFL+, somehow but ignores how its own website functions – NFL+ is accessed through NFL.com.




Additionally, Defendant's website, *as of the day of this filing*, labels the consumers who sign up for NFL+ as "subscribers" of its video services. (red box added).

Further, despite Defendant's assertion to the contrary, NFL+ subscribers – again, NFL's own categorization of those individuals who subscribe to NFL+ to receive access to otherwise inaccessible video content (*see* Exhibit A) – access that content, at least, through the NFL.com website, and had[4] their PII unlawfully disclosed to Facebook.

Defendants' other meretricious arguments which this Court should reject include arguing that the information provided to sign up as a digital subscriber are "completely irrelevant." Compare, ECF No. 76, at 10 n.3 with *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 489 (1st Cir. 2016) (exchange of personal information established subscriber relationship). Second, Defendant talked of a "structure which had been under construction for some time" and

[4] As of the date of this filing, upon Counsel's examination of NFL.com, it appears Defendant has removed the Facebook Pixel.

then cites cases that are – today – less than six months old. There is not a straight-faced argument that VPPA-Pixel caselaw is and will continue to develop. Any ruling this Court should make should be on a fulsome factual record, especially when the complaints that in some courts survived motions to dismiss have now been dismissed in other courts.

At the end of the day, Plaintiff's proposed amendment should be allowed when justice so requires – and justice requires so here.

Dated: August 29, 2023

Respectfully submitted,

By: /s/ *Michael L. Murphy*

Michael L. Murphy (NY 5084397)
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
T: 202.463.2101
mmurphy@baileyglasser.com

Brandon M. Wise, Esq.*
PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP
73 W. Monroe
5th Floor
Chicago, Illinois 60604
T: 314-833-4825
bwise@peifferwolf.com

* Admitted *pro hac vice*.

**CERTIFICATE OF SERVICE**

I hereby certify that *Reply in Support of Motion for Leave to File Second Amended Class Action Complaint* was filed in the court's CM/ECF system and that counsel of record will be served.

By: /s/ *Michael L. Murphy*
Michael L. Murphy (NY 5084397)
BAILEY & GLASSER LLP