UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON HUGHES, individually and on behalf of all other similarly situated,

                Plaintiff,

-against-

NATIONAL FOOTBALL LEAGUE,

                Defendant.

Case No. 1:22-cv-10743 (JLR)

**MEMORANDUM ORDER AND OPINION**

JENNIFER L. ROCHON, United States District Judge:

Before the Court are two motions filed in the present putative class action between Plaintiff Brandon Hughes ("Plaintiff") and Defendant National Football League ("Defendant"). On March 2, 2023, Defendant moved to dismiss the Corrected First Amended Class Action Complaint. ECF No. 46 ("Dismiss Br."); *see* ECF No. 59 (the "FAC").[1] Plaintiff opposed the motion on March 23, 2023, and Defendant filed its reply on April 6, 2023. ECF Nos. 62, 63.

Plaintiff has now moved under Federal Rule of Civil Procedure ("Rule") 15(a)(2) for leave to file a Second Amended Class Action Complaint. ECF Nos. 73 ("Am. Mot."), 73-2 (the "SAC"), 77 ("Am. Reply"). Defendant opposes Plaintiff's motion. ECF No. 76 ("Am. Opp."). As explained below, the Court grants Plaintiff's motion for leave to file the SAC and denies as moot Defendant's motion to dismiss the FAC.

## BACKGROUND

The original representative plaintiff filed this case in the United States District Court for the Northern District of Illinois on September 14, 2022, bringing a single claim under the Video

---

[1] The version of the FAC submitted at ECF No. 59 corrected a technical issue in the original version of the FAC submitted at ECF No. 40. As a result, Defendant's brief in support of its motion to dismiss the FAC comes before the operative version of the FAC on the docket.

1

Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710. ECF No. 1 ¶¶ 55-66. On January 25, 2023 – after the action had been transferred to this Court (ECF No. 19), after Plaintiff was substituted as representative plaintiff (ECF Nos. 28, 30), and before Defendant had responded to the original complaint – the Court granted Plaintiff's unopposed motion to file the FAC. ECF No. 30. The FAC asserts a single claim under the VPPA. FAC ¶¶ 57-68. In the FAC, Plaintiff alleges that Defendant, without consent, shared digital data about Plaintiff and other putative class members with Facebook when Plaintiff and other putative class members watched videos on Defendant's website or mobile application. *Id.* ¶¶ 4-6, 32, 41. Defendant moved to dismiss the FAC on March 2, 2023. Dismiss Br. Plaintiff filed his opposition on March 23, 2023. ECF No. 62. Defendant filed its reply on April 6, 2023. ECF No. 63. Both parties subsequently filed letters with the Court regarding supplemental authorities. ECF Nos. 64, 67-72. On August 7, 2023, this Court issued a decision in *Salazar v. National Basketball Ass'n*, --- F. Supp. 3d ----, 2023 WL 5016968 (S.D.N.Y. Aug. 7, 2023), *appeal docketed*, No. 23-1147 (2d Cir. Aug. 10, 2023), addressing claims brought against the NBA under the VPPA.

Four days after the Court's decision in *Salazar*, on August 11, 2023, Plaintiff moved for leave to amend. Am. Mot. Like the FAC, the proposed SAC brings a single claim under the VPPA. SAC ¶¶ 56-67. The proposed SAC includes, among other things, additional allegations that Plaintiff subscribed to a digital subscription service called NFL+. *See* ECF No. 73-1 ¶¶ 4, 12, 20, 22, 45-46, 62 (redline comparing the FAC and the proposed SAC). In his motion for leave to amend, Plaintiff stated that the proposed SAC "clarifies and further explains the exclusive access, content, and programming that Plaintiff, as a subscriber to Defendant's NFL+ service, received," thus taking into account how "the body of VPPA-[data-tracking] caselaw has developed." Am. Mot. at 2. Plaintiff specifically identified this Court's decision in *Salazar* as a significant case regarding "the issue of who is a 'consumer' under the VPPA." *Id.* at 2 n.1; *see also* Am. Reply at 3-

2

4 ("In light of the equal split in the caselaw, and having no guidance from this Court about how it would potentially view [VPPA-data-tracking] claims prior to issuance of the decision in [*Salazar*], Plaintiff . . . [seeks] the Court's permission to amend his allegations if the Court were to grant Defendant's motion [to dismiss] . . . .").

## LEGAL STANDARD

A court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2)'s "permissive standard is consistent with [the] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Nonetheless, "it is within the sound discretion of the district court" to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 844 F.3d 98, 105 (2d Cir. 2018)).

## DISCUSSION

Defendant argues that leave to amend should be denied on the grounds of undue delay and futility. *See* Am. Opp. at 4-11. The Court will address each ground in turn.

### I. Undue Delay

Defendant first argues that Plaintiff unduly delayed in seeking to amend the FAC by waiting "over four months after briefing was completed" on Defendant's motion to dismiss the FAC. *Id.* at 2. On Defendant's account, "the fact that [Plaintiff] allegedly subscribed to NFL+ in August 2022 is not a newly discovered fact," and Plaintiff's NFL+ subscription "is not newly relevant as a result of [*Salazar*]." *Id.*; *see also id.* at 6 (Plaintiff "knew from the outset that the nature of his alleged relationship with [Defendant] and any video content it makes available necessarily impacts whether he can plausibly allege a VPPA claim" (emphasis omitted)); *id.* at 7 (*Salazar* "does not reflect a

change in the law, but rather is a clear application of the plain meaning of the statute"). Defendant points to decisions by courts in this District and elsewhere which, it says, "have repeatedly rejected similar claims to those" made by Plaintiff in the FAC and rejected by the Court in *Salazar*. *Id.* at 3. Defendant further argues that granting Plaintiff leave to amend "would substantially prejudice" Defendant, although it does not explain how. *Id.* at 5.

"[M]ere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (ellipsis omitted) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "Where a significant period of time has passed prior to filing a motion to amend, however, the moving party must provide an explanation for the delay." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). "Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgment, particularly when the new claim could have been raised earlier." *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, 283 F. Supp. 3d 72, 94 (S.D.N.Y. 2017) (citation omitted). And "an intervening decision that changes the law does not excuse undue delay if it was 'merely the final brick in a structure which had been under construction for some time.'" *Hamilton v. City of New York*, No. 06-cv-15405 (DC), 2011 WL 1842990, at *2 (S.D.N.Y. May 10, 2011) (quoting *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157 (2d Cir. 1968)).

The Court finds that Plaintiff did not unduly delay in moving for leave to amend. While four months elapsed from the time the motion to dismiss was fully briefed, Plaintiff has "provide[d] an explanation for the delay," namely, the Court's intervening decision in *Salazar*. *Agerbrink*, 155 F. Supp. 3d at 452. To be sure, Plaintiff knew by August 2022 that he was a subscriber to NFL+, and there were pre-*Salazar* district-court decisions suggesting that the FAC in this case might fail to state a claim. *See* Am. Opp. at 2-3; *Salazar*, 2023 WL 5016968, at *9 (collecting cases "in accord"

4

with its holding, including *Carter v. Scripps Networks, LLC*, --- F. Supp. 3d ----, 2023 WL 3061858 (S.D.N.Y. Apr. 24, 2023)). But "[s]imply alleging that the plaintiff could have moved to amend earlier than [the plaintiff] did, however, is insufficient to demonstrate undue delay." *Agerbrink*, 155 F. Supp. 3d at 452. The Court has a strong preference to decide cases on the merits with full information, even if the additional information pleaded was prompted by the Court's decision in *Salazar*.

Moreover, Defendant has not persuaded the Court that the delay was unduly prejudicial (and Defendant does not argue that Plaintiff has acted in bad faith). "Although prejudice to the opposing party has been described as the most important reason for denying a motion to amend, only *undue* prejudice warrants denial of leave to amend." *Id.* at 454 (brackets, ellipsis, quotation marks, and citations omitted). The party opposing amendment bears the burden of establishing undue prejudice. *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 312 (S.D.N.Y. 2021). In determining whether an amendment would unduly prejudice an opposing party, a court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack*, 863 F.3d at 174 (quoting *Block*, 988 F.2d at 350). "Courts also consider the particular procedural posture of the case." *Agerbrink*, 155 F. Supp. 3d at 454. "The denial of leave to amend, based solely on delay and litigation expense, [i]s an abuse of discretion." *Pasternack*, 863 F.3d at 174.

Defendant makes no compelling argument that any of these factors points in its favor, let alone that, weighed holistically, the factors support denying leave to amend. The unelaborated-upon assertion that "allowing [Plaintiff] leave to amend would substantially prejudice [Defendant]" because the "motion to dismiss is fully briefed and pending" is insufficient. Am. Opp. at 5. Discovery has been stayed pending resolution of the motion to dismiss, ECF No. 49, and there is no

reason to believe that permitting amendment here would "require [Defendant] to expend significant additional resources to conduct discovery and prepare for trial," *Pasternack*, 863 F.3d at 174 (citation omitted).  The Court thus rejects Defendant's undue-delay argument.

## II. Futility

Defendant also argues that Plaintiff should be denied leave to amend because the SAC would be futile.  *See* Am. Opp. at 8-11.  Plaintiff disagrees.  *See* Am. Reply at 4.  A district court may deny a request for leave to amend if the proposed amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023).

The Court concludes that in this case, the futility inquiry – which, in essence, asks whether the proposed SAC states a claim – should be decided in the context of Defendant's (almost certainly forthcoming) motion to dismiss the SAC.  There are many complicated issues at play and rather than decide whether the SAC states a claim – based on just a few pages of briefing submitted in response to Plaintiff's motion to amend – the Court finds that the most efficient and just path forward is for Plaintiff to file the SAC, and then for the parties to fully brief a motion to dismiss *that* version of the complaint.  *Cf. Biomed Pharms., Inc. v. Oxford Health Plans (NY), Inc.*, No. 10-cv-07427 (JSR), 2011 WL 803097, at *1 (S.D.N.Y. Feb. 18, 2011) (because doing so "would be far more expedient," court "defer[red] ruling fully on [defendant's] motion to dismiss pending [plaintiff's] filing an amended complaint . . . , at which time [defendant] may, if it wishes, renew its motion to dismiss").  Accordingly, the Court will permit the amendment and defer addressing the merits of the SAC until it receives full briefing on a renewed motion to dismiss should one be filed.

## CONCLUSION

Plaintiff's motion to file an amended complaint is GRANTED.  Plaintiff shall file the SAC by November 27, 2023.  Defendant's motion to dismiss the FAC is DENIED as moot.  *See Tommy*

6

*Lee Handbags Mfg. Ltd. v. 1948 Corp.*, 971 F. Supp. 2d 368, 372 n.1 (S.D.N.Y. 2013) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 44 and 73.

Dated: November 20, 2023    SO ORDERED.
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge